Eastern District of Kentucky
FILED

JAN 15 2021

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:20-CR-00040-S-DCR-MAS

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

LEONARD EDWARD RILEY     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2252(a)(1), knowingly transporting or shipping visual depictions using a means or facility of interstate commerce, that is, by computer over the internet, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct. Pursuant to Rule 11(c)(1)(A), the United States will move the Court at sentencing to dismiss Count 2, which charges knowingly possessing such visual depictions, as well as the original Indictment. The Defendant will also admit and agree to the forfeiture allegation in the Indictment.

2. The essential elements of Count 1 are:

1

    (a)    the Defendant knowingly transported a visual depiction;

    (b)    the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

    (c)    the visual depiction is of a minor engaging in sexually explicit conduct;

    (d)    the Defendant knew at least one of the performers in the visual depiction was a minor, and that the visual depiction was of a minor engaged in sexually explicit conduct; and

    (e)    the Defendant transported the visual depiction using any means or facility of interstate or foreign commerce or using any means in or affecting interstate or foreign commerce, including by computer or mails.

3.    As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)    On August 22, 2017, the Kentucky State Police Electronic Crimes Branch (KSP-ECB) received a Cyber Tipline Report from the National Center for Missing and Exploited Children (NCMEC). According to the report, NCMEC was contacted by Google that a user using the Gmail account leoriley42@gmail.com uploaded 8 images that appeared to depict child sexual exploitation (CSE). The images were uploaded to the account of leoriley42@gmail.com on July 30, 2017. Google generated the CyberTip capturing all of the information associated with the files, including the Internet Protocol (IP) address from which the images were uploaded. Detective L. Strong of the KSP-ECB was assigned to investigate the CyberTip. She reviewed the information contained in the CyberTip, including viewing the attached files to determine whether the images were child pornography (CP). She determined that the images did contain CP.

    (b)    According to the CyberTip, the upload IP address was 107.77.249.9; however, the assigned Internet Service Provider (ISP), AT&T, was unable to provide an individual user account information because that IP address was used by AT&T Wireless for internet access and web-based applications for wireless

devices (such as web-enabled cell phones and aircards). The CyberTip also contained login IP addresses for the account leoriley42@gmail.com. Det. Strong obtained a subpoena for the ISP for those two IP addresses, and the subscriber information return showed the account was subscribed to by the Defendant's wife at the Defendant's residence in Danville, KY 40422.

(c) On December 12, 2017, Det. Strong petitioned for and obtained a search warrant from the Boyle District Court authorizing the search of the Defendant's residence. On that same date, she and other law enforcement agents executed that search warrant, at which time numerous electronic devices belonging to the Defendant were seized. During the execution of the search warrant, KSP-ECB forensic examiners conducted an on-scene preview of the Defendant's electronic media, at which time they discovered at least twenty (20) files containing CSE images.

(d) A subsequent forensic examination conducted by Adam Cervellone of the KSP-ECB revealed 23 images and 2 videos of CP on the Defendant's smart phone. Images depicting children under 12 years of age engaged in sexually explicit conduct and images portraying sadistic or masochistic conduct were contained on the Defendant's smart phone.

(e) The Defendant admits that he knew the images he received, possessed and transported through the use of his computer depicted minors engaged in sexually explicit conduct. The Defendant also admits that he knowingly used the internet to access CP images and that he transported CP images in interstate commerce when he uploaded the images via his computer on July 30, 2017.

4. The statutory punishment for Count 1 is imprisonment for not less than 5 years and not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special

assessment of $5,000.00 applies if the Defendant is determined by the Court to be non-indigent.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.), November 1, 2018 manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 above, as well as all information provided in discovery to the Defendant, and all of the images of child pornography contained on his computers and other electronic media.

(c) Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

(d) Pursuant to U.S.S.G. § 2G2.2(b)(1), decrease the offense level by 2 levels because the Defendant's conduct was limited to the receipt of material involving the sexual exploitation of a minor and the Defendant did not intend to traffic in, or distribute, such material.

(e) Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 levels because the material involved children under 12 years of age.

(f) Pursuant to U.S.S.G. § 2G2.2(b)(4), increase the offense level by 4 levels because the offense involved material that portrays sadistic or masochistic conduct.

(g) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense level by 2 levels because the offense involved the use of a computer.

(h) Pursuant to U.S.S.G. § 2G2.2(b)(7)(B), increase the offense level by 3 levels because the offense involved at least 150 images but fewer than 300 images. The Defendant's electronic media contained 23 still images and 2 videos

showing child exploitation images (See U.S.S.G. § 2G2.2, Application Note 6(B)(ii), each video equates to 75 images).

(i) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(j) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction (Count 1), as well as any victims whose images are contained in the dismissed count (Count 2), pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal his sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that after his release from prison he will be required to register as a sex offender as a condition of supervised release. The Defendant also understands that, independent of supervised release, he will be subject to federal and

state sex offender registration requirements and that those requirements may apply throughout his life. Upon release, the Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he must keep his registration current and notify the sex offender registry of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant understands that he is subject to criminal penalties for failure to comply with such sex offender registration requirements.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that there is a nexus between the property and the criminal violation, and/or that the property contains illegal contraband images. The Defendant further waives any and all provisions of Rule 32.2 relating to the timing of entry of forfeiture orders.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. While the Defendant is incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and

agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                                                      ROBERT M. DUNCAN, JR.
                                                      UNITED STATES ATTORNEY

Date: 1-15-21   By: _____
David A. Marye
Assistant United States Attorney

Date: 1/15/21   _____
Leonard Edward Riley
Defendant

Date: 1-15-21   _____
Philip C. Lawson
Attorney for Defendant

9