UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT
CRIMINAL NO. 5:20-CR-40-DCR
***ELECTRONICALLY FILED***

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.          **DEFENDANT, LEONARD E. RILEY'S,
                    SENTENCING MEMORANDUM**

LEONARD EDWARD RILEY                                                                    DEFENDANT

********************

Comes the Defendant, Leonard E. Riley, by and through counsel, and files this Sentencing Memorandum addressing the 18 U.S.C. § 3553(a) sentencing factors.

I.   INTRODUCTION

Mr. Riley's guideline range is 78 to 97 months. (Presentence Report, Paragraph 62. However, the statutory minimum sentence is 60 months. Id. at Paragraph 61. Based upon the below, Mr. Riley moves this Court to deviate downward and impose a sentence of 60 months. Additionally, Mr. Riley moves the Court to impose the minimum release term of 60 months.

II.   FACTUAL BACKGROUND

On August 22, 2017, Kentucky State Police received a tip that a google account listed as "leoriley42@gmail.com" uploaded 8 illegal images. Id. at Paragraph 7. Upon further review, the image upload was traced to a computer at Mr. Riley's residence in Danville, Kentucky. Id. at Paragraph 9. On December 12, 2017, a search was conducted of the residence and numerous devices were seized and searched on a later date. Id. at Paragraph 10. A subsequent search of the devices revealed 23 images and two videos. Id. at Paragraph 11.

1

On March 5, 2020, Mr. Riley was indicted for distribution of illegal material, in violation of 18 USC § 2252(a)(2), and possession of illegal material in violation of 18 USC § 2252(a)(4)(B). (Indictment, DE 1, Page ID 1). A superseding indictment was obtained on September 17, 2020 reducing the distribution charge to transportation, in violation of 18 USC § 2252(a)(1). (Superseding Indictment, DE 21, Page ID 64). The possession count remained. Id. On January 15, 2021, Mr. Riley plead guilty to transporting illegal material in violation of 18 USC § 2252(a)(1), which carries a 60-month mandatory minimum sentence. Id. at Paragraphs 1, 61.

Immediately prior to this conviction, Mr. Riley was gainfully employed at LSC Communications in Danville, Kentucky making approximately $2,500 per month. Id. at Paragraph 56. Mr. Riley was, and still is, married to Ms. Morgan Johnson. Id. at Paragraph 48. Mr. Riley and Ms. Johnson have one child and another from Ms. Johnson's prior marriage. Id. Additionally, Mr. Riley's criminal history score is zero, including no prior state felony convictions. Id. at Paragraphs 32-42. Lastly, Mr. Riley has served approximately one year as he was arrested on the original indictment on March 11, 2020. Id. at Paragraph 5.

### III.  § 3553(a) SENTENCING FACTORS

At the sentencing, the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the need for the sentence imposed: 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and, 4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 USC 3553(a)(2)(A-D). Also, the Court shall also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 USC 3553(a)(1).

When conducting this analysis, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States,* 518 U.S. 81, 113 (1996). "Underlying this tradition is the principle that 'the punishment should fit the offender and not merely the crime.'" *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (quoting *Williams v. New York,* 337 U.S. 241, 247 (1949)). "Both Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come.'" *Id.* at 489 (quoting *United States v. Tucker,* 404 U.S. 443, 446 (1972)). As a result, the Sentencing Guidelines are only a "'starting point'" or an "'initial benchmark'" with the district court retaining the discretion to impose a sentence "based on appropriate consideration of all of the factors listed in § 3553(a)." *See Gall v. United States,* 552 U.S. 38, 49-51 (2007). The district court may even "impose a non-Guidelines sentence based on a disagreement with the Commission's views." *Pepper,* 562 U.S. at 501.

IV. **ARGUMENT**

A. **The nature and circumstances of the offense and the history and characteristics of the Defendant**

Pursuant to 18 U.S.C. § 3553(a)(1) the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." "The [Supreme] Court has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant – if not essential – to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.'" *Pepper,* 562 U.S. at 480 (quoting *Williams,* 337 U.S. at

3

246-47). "'[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing.'" *Id.* at 492 (quoting *United States v. Bryson,* 229 F.3d 425, 426 (2d Cir. 2000)).

Based upon the below, Mr. Riley moves this Court to impose a sentence of 60 months, the statutory minimum sentence. Furthermore, Mr. Riley moves the Court to impose the minimum release term of 60 months.

### i.   *Nature and Circumstances of the Offense*

This case involves 23 images and 2 videos. Mr. Riley never distributed this material. In fact, Probation found that his conduct was limited to receipt only, as recommended by the government in the plea agreement. (Presentence Report, Paragraph 17); *see also* (Plea Agreement, DE 36, Page ID 106-07). During his police interview, Mr. Riley was polite. He did not resist arrest. At no time did Mr. Riley engage in dangerous conduct that endangered law enforcement or the general public, such as intoxicated driving, physical violence, threats of violence, or possession of dangerous material within his home that may have endangered law enforcement or other occupants. As a result, a 60-month sentence, followed by a 60-month release term, would be sufficient punishment for this offense.

### ii.   *History and Characteristics of the Defendant*

Mr. Riley is 45-year-old male born in North Carolina. (Presentence Report, Paragraph 46). He graduated from Garrard County High School and attended some college. Id. at Paragraph 54. Mr. Riley has (15) years of employment experience, including full-time employment in Danville, Kentucky at the time of the offense. Id. at Paragraphs 56-58. He has no felony convictions and a zero criminal history score. Id. at Paragraphs 32-42. Therefore, a 60-month sentence, followed

by a 60-month release term, is a sufficient sentence, but not greater than necessary, in light of Mr. Riley's history and characteristics.

**B.  The need to provide just punishment, protect the public, and rehabilitate**

If a sentence is to satisfy 18 U.S.C. § 3553(a)(2) it is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A); it is "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); it is "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); and it is "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment," § 3553(a)(2)(D).  When these factors are applied to this case, 60-month sentence and release term is sufficient.

   i.   *Just Punishment*

When considering "just" punishment, the court must consider whether the punishment reflects the seriousness of the offense, promotes respect for the law, and affords general and specific deterrence in the future.  A sentence of 60 months addresses these concerns.  The guidelines recommend 78 to 97 months, which is slightly lower than the requested 60 months.  This conviction did not involve violence or conduct that immediately endangered the public or law enforcement.  Mr. Riley has no prior felony convictions and a criminal history score of zero.

Additionally, Mr. Riley intends to reside in Kentucky upon his release.  Under Kentucky law, he will be required to register as a sex offender for at least 20 years due to this conviction.  KRS 17.520(3).  As a result, a 60-month sentence and release term would be sufficient but not greater than necessary to reflect the seriousness of the offense relating to transportation of illegal material, promote respect for the law, and deter Mr. Riley and others from future criminal conduct.

*ii.     Rehabilitation*

Mr. Riley would benefit from Bureau of Prisons services during his prison term and supervised release, including the mandatory sex offender treatment, vocational training, and educational training. However, given his high school diploma, work history of approximately 15 years in various manufacturing jobs, and attendance of some college, Mr. Riley will be able to complete his mandatory treatment and benefit from any additional BOP resources within 60 months. Therefore, 60 months is sufficient, but not greater than necessary, for Mr. Riley to obtain beneficial rehabilitative services while in BOP custody as well as the 60-month release term.

**V.     CONCLUSION**

WHEREFORE, the Defendant, Leonard E. Riley, hereby moves this Court to impose a 60-month sentence and release term in accordance with 18 USC §3553(a).

Respectfully submitted,

TRUE GUARNIERI AYER, LLP
124 Clinton Street
Frankfort, Kentucky 40601
Phone: (502) 605-9900
Fax:    (502) 605-9901
plawson@truelawky.com

*/s/ Philip C. Lawson*
PHILIP C. LAWSON
*ATTORNEY FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been served this the 13th day of April, 2021 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

*/s/ Philip C. Lawson*
PHILIP C. LAWSON
*ATTORNEY FOR DEFENDANT*