UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 5:20-CR-00040-S-DCR**

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

V.            **UNITED STATES' SENTENCING MEMORANDUM**

**LEONARD EDWARD RILEY**                                                                **DEFENDANT**

\* \* \* \* \*

Leonard Edward Riley pleaded guilty to one count of knowingly transporting or shipping visual depictions using a means or facility of interstate commerce, that is, by computer over the internet, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, often referred to as child pornography (CP), in violation of 18 U.S.C. § 2252(a)(2). The United States agreed to move the Court to dismiss the second count of the superseding indictment, charging the Defendant with knowingly possessing such images, as well as the original indictment. The Defendant also agreed to the forfeiture allegation in the superseding indictment. The United States submits that a sentence within the guidelines range as calculated by the Probation Office is appropriate in this case.

**RILEY'S UNRESOLVED OBJECTIONS**

Riley objected to two minor factual assertions in the Presentence Investigation

Report (PSR), neither of which impact the guidelines calculations. He also objected to "fines or costs of prosecution being imposed" because he "has no assets." See March 30, 2021 letter from Riley's counsel to Probation Officer Alan Hammond, incorporated in the Addendum to the PSR, referencing ¶¶ 60 and 72 of the PSR, and he "reserve[d] the right to present evidence at sentencing which would justify a departure/deviation from the guideline range." Again, these objections do not impact the guidelines calculation.

## 18 U.S.C. § 3553 AND THE APPROPRIATE SENTENCE

The United States submits that a sentence within the guidelines range of 78-97 months, as calculated by the Probation Office, is appropriate in this case. A sentence within the guidelines range is needed "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The thought of men continually viewing pornographic images of them as children "for their own sick sexual desires" is what many child pornography victims state is a cause of their continuing emotional distress as they enter adulthood.

A within-guidelines sentence is needed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Transporting and possessing child pornography are not victimless crimes, but repeatedly expose each child victim to shame and humiliation. *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the

original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.") *See also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles.") Moreover, traders of child pornography often form a community normalizing, teaching, and encouraging others interested in sexually molesting children.

A substantial sentence is needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A within-guidelines sentence will be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing district court for neglecting importance of deterrence in sentencing for possession of child pornography); *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons . . . promoting the product.").

Producers, traders and collectors of child pornography may have a compulsion for this material, but they are still deterred by law enforcement. Learning of Riley's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider possessing and trading such material. *See, e.g., Widmer*, 511 F.

App'x at 511-12 ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense." 18 U.S.C. § 2259(a) and (b)(4) makes the entry of an Order of restitution mandatory in any case involving an offense contained in chapter 110, which includes the offense of which the Defendant has been convicted. Because the United States Attorney's Office (USAO) has not received any restitution requests, no restitution is being sought in this case.

## **CONCLUSION**

The United States respectfully requests the Court to impose a sentence within the guidelines range of 78-97 months, to be followed by a substantial term of supervised release. Such a sentence will be sufficient, but not greater than necessary, to comply with the purposes contained in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING U. S. ATTORNEY

By:  s/ David A. Marye
Assistant United States Attorney
260 W. Vine Street
Lexington, Kentucky 40507-1612
(859) 685-4873
David.Marye@usdoj.gov

4

CERTIFICATE OF SERVICE

On April 13, 2021, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

>Philip C. Lawson, Esq.
>*Attorney for Leonard Edward Riley*

and I sent a copy via email to Probation Officer Alan Hammond.

>s/ David A. Marye
>Assistant United States Attorney